J-A06010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRITTANY MICHEL BLENKER | : | |
| | : | |
| Appellant | : | No. 845 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 24, 2025
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000742-2023

BEFORE: OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: March 17, 2026**

Appellant, Brittany Michel Blenker, appeals from the judgment of sentence entered on March 24, 2025, as made final by the denial of Appellant's post-sentence motion on June 2, 2025. On this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

On December 30, 2024, Appellant entered an open guilty plea to trafficking in individuals, possession of a controlled substance with the intent

to deliver ("PWID"), and corruption of minors.[1] On March 24, 2025, the trial court sentenced Appellant to serve an aggregate term of 30 to 84 months in prison for her convictions. The sentence was composed of the following: a standard range sentence of 30 to 84 months in prison for the trafficking in individuals conviction; a concurrent, standard range sentence of six to 48 months in prison for the PWID conviction; and, a concurrent, standard range sentence of nine to 36 months in prison for the corruption of minors conviction. *See* N.T. Sentencing, 3/24/25, at 6 and 11-12.

Appellant filed a timely post-sentence motion, where she claimed that her sentence was manifestly excessive because: 1) "the record does not reflect that [Appellant] was ever specifically caught or found to be in possession of a specific quantity of illegal drugs;" 2) Appellant "had a very limited prior record;" 3) Appellant was "also a 'trafficking' victim" of her co-defendants; 4) Appellant was "post-partum, having been pregnant and delivered [while] incarcerated;" and, 5) Appellant suffers from "depression, anxiety, and PTSD." Appellant's Post-Sentence Motion, 4/3/25, at 2-3.

The trial court denied Appellant's post-sentence motion on June 2, 2025 and Appellant filed a timely notice of appeal. Further, on appeal, Appellant's counsel filed a petition for leave to withdraw and an *Anders* brief.

---

[1] 18 Pa.C.S.A. § 3011(a)(3), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 6301(a)(1)(i), respectively.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

- 3 -

is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also**

**Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the **Anders** brief:

> [The trial court] abused its discretion in sentencing [Appellant] to incarceration of [30 to 84 months in prison] rather than the guidelines standard range minimum of [18 months].

Appellant's Brief at 2-3.

Appellant's claim on appeal challenges the discretionary aspects of her sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of

discretion." **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of her sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of her sentence. **Id.**

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant claims that the trial court abused its discretion when it sentenced her at the "high end" of the standard sentencing range for her trafficking in individuals conviction. According to Appellant, the trial court erroneously failed to consider several mitigating factors and thus imposed a manifestly excessive sentence. **See** Appellant's Brief at 8-12.

As to this claim, Appellant filed a timely notice of appeal, raised the claim in her post-sentence motion, and properly included a Rule 2119(f) statement in her brief. Therefore, we turn to the issue of whether Appellant's claim raises a substantial question.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. *Goggins*, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727 (emphasis omitted).

Appellant contends that her aggregate sentence is excessive because the trial court failed to consider certain mitigating circumstances. Under our precedent, Appellant's claim presents a substantial question, thus permitting our review. *See Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) ("an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question"); *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (holding: a claim that the appellant's sentence was unduly excessive, "together with his claim that the court failed to consider his rehabilitative

needs and mitigating factors upon fashioning its sentence, presents a substantial question").[2]

We have explained:

> sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

***Commonwealth v. Crork***, 966 A.2d 585, 590 (Pa. Super. 2009) (quotation marks and citations omitted).

Appellant claims that the trial court failed to adequately consider several mitigating circumstances when imposing sentence. ***See*** Appellant's Brief at 8-12. Appellant's discretionary aspect of sentencing claim fails immediately because, during Appellant's sentencing hearing, the trial court was informed by a pre-sentence investigation ("PSI") report. ***See*** N.T. Sentencing, 3/24/25, at 5. Given this fact, we must "presume that the sentencing judge was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v.***

---

[2] We note that we have also "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Eline***, 940 A.2d 421, 435 (Pa. Super. 2007) (quotations, citations, and corrections omitted); ***see also Commonwealth v. Radecki***, 180 A.3d 441, 469 (Pa. Super. 2018) (collecting cases). Nevertheless, in light of our conflicting precedent, we will review the merits of Appellant's discretionary aspects of sentencing claim.

*Devers*, 546 A.2d 12, 18 (Pa. 1988). To be sure, our Supreme Court has held:

> A [PSI] report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the [PSI] report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Id.*

Further, as the trial court explained at sentencing:

> The reasons for these sentences are that they fall within the standard range of the sentencing guidelines and comport with the stipulations of counsel reached at the plea hearing.
>
> Additionally, [Appellant] supplied a highly addictive and dangerous illegal controlled substance to a minor child for her and others to use to their advantage in order to entice the minor to be subjected to various forms of labor and servitude as well as to engage in sexual activity.

N.T. Sentencing, 3/24/25, at 13.

We thus conclude that Appellant's excessive sentencing claim is belied by the record and frivolous.

We have independently considered the issue raised within Appellant's brief and we have determined that the claim is frivolous. In addition, after an

independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/17/2026